IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OSCAR DAVID URRUTIA,

    **Plaintiff,**

    v.                              CASE NO. 23-3055-JWL

(FNU) BARRAJAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se and in forma pauperis in this action brought under 42 U.S.C. § 1983. Plaintiff is in detention at the Finney County Jail in Garden City, Kansas ("FCJ"). On February 28, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff until March 27, 2023, in which to show good cause why his Complaint should not be dismissed for the reasons set out in the MOSC. Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that Plaintiff's claims relate to his state criminal proceedings and that the Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). Plaintiff acknowledged that his state criminal case is ongoing. (Doc. 1, at 4; Doc. 1–1, at 3.) ). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

"Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiff seeks release from custody. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). Therefore, any claim challenging a state sentence is not cognizable in a § 1983 action. Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. 477.

The Court also found that: Plaintiff's claims against the state court judges should be dismissed on the basis of judicial immunity; Plaintiff's claims against the county prosecutor fail on the ground of prosecutorial immunity; and the FCJ is not proper defendants because it is not a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989).

The Court's MOSC provided that "[f]ailure to respond by the deadline may result in

dismissal of this matter without further notice." (Doc. 4, at 8.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated April 3, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**